BROWNING, J.
In this workers’ compensation appeal, the employer/carrier challenge the final compensation order of the judge of compensation claims (JCC) finding that the claimant, Jimmy Richey (Appellee), sustained a compensable industrial accident while lifting glasses on September 13, 1998; that this work-related injury is the major contributing cause of the exacerbation/aggravation of Appellee’s prior low back injury; and that Appellee is entitled to orthopedic treatment. Competent substantial evidence supports the JCC’s findings that the September 13, 1998, lifting incident at work was the major contributing cause of the exacerbation/aggravation of Appellee’s back problems. See Closet Maid v. Sykes, 763 So.2d 377 (Fla. 1st DCA 2000) (en banc). We find no abuse of discretion in the JCC’s denial of the employer/carrier’s request to strike orthopedic surgeon Dr. Broom’s second deposition testimony. Competent substantial evidence supports the JCC’s finding that Ap-pellee is entitled to orthopedic treatment as a result of the industrial accident. We affirm the final compensation order.
However, the employer/carrier point out the need for the JCC to clarify and correct the final compensation order in one respect. Dr. Broom testified that Appellee had not been at maximum medical improvement (MMI) on the date of the last medical visit; the doctor also testified he was not in a position to opine whether Appellee could have reached MMI subsequently. Orthopedic surgeon Dr. Tall testified that Appellee had not reached MMI regarding the September 13, 1998, industrial accident. Given Appellee’s correct acknowledgment that MMI and a permanent impairment rating were not raised as issues below and were not determined by the JCC, we conclude that the JCC’s use of the word “permanent” to describe the exacerbation/aggravation of the back injury caused by the September 13, 1998, industrial accident is an unintended, harmless error under the circumstances. For purposes of clarification on remand, the JCC is instructed to strike “permanent” from that particular sentence[1] of the final compensation order, which change will not materially affect the other findings of fact and conclusions of law.
The final compensation order is AFFIRMED, and the case is remanded, with instructions to the JCC.
DAVIS and BENTON, JJ., concur.

. The objectionable word is in the first sentence of the next-to-last paragraph on the seventh page of the final compensation order.